UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 01 3287**

-----------------------------------------------------------------x

"James J. Trikas"

                              Plaintiff,

        Against

"Universal Card Services Corp (UCS) aka Universal Bank N.A.
aka AT & T Universal Card" Subsidiary of Citibank member of Citigroup

                                            Defendants.

MAY 22 2001   COMPLAINT

JOHNSON, J.

-----------------------------------------------------------------x

1) At all times herein after mentioned, plaintiff was and still is a resident of 41-10 157 Street Flushing, NY 11355

2) Universal Card Services aka Universal Bank N.A aka AT & T Universal Card, is a corporation having a main office at 8787 Baypine Road Jacksonville, FL 32232 Universal Card Services subsidiary of Citibank claims to be in charge.

3) All claims made here are alleged & I reserve the right to amend, add or correct this complaint in the future.

4) Jurisdiction of this court is invoked pursuant to section 618 of Fair Credit Reporting Act 15 U.S.C. 1681p

5a) **Within two years from 6/99 to 8/00 date on which the liability arises** F.C.R.A section 618 of 15 U.S.C. 1681p. Trans Union's Credit Report 7/30/99 obtained illegal information on **6/99, 7/99, 8/99, 10/00, 12/00, 2/00, 3/00, 7/00.** Account closed 5/31/99. Universal misrepresented Permissible purpose with me, reporting balance information to Experian implying account still open and active **6/99, 7/99, 8/99, 9/99, 10/99, 11/99, 12/99, 1/00, 2/00, 3/00, 4/00** see (8/15/00 report). Willful & Knowingly misrepresented open account status not closed & verified to Experian on 8/99 continued to imply up to **4/00** as date last reported (Experian 8/15/00 Report). **On 7/00 see other request,** requested received my credit history from Experian without Permissible purpose / legitimate business need with me to obtained my credit report. On **7/13/00 stated unspecified purpose to request my credit report** to Experian see request initiated by me (Claim) allowing Universal to review my information I did not allow them access to my information or report. Universal stated to Equifax False date of last activity **04/00** on September 8, 2000 Credit File (Report). Universal stated to Equifax False date of last activity **08/00** on October 11, 2000 Credit File (Report). Real date 11/95. Privacy Guard 8/9/00 Credit Report showed No CLS (Closed account) from TU, Experian (TRW) or Equifax. Privacy Guard show Universals false date reported & implied account Open. Universal state paid as agreed **4/00** to Trans Union TU. Universal state paid as agreed **05/00** to Experian (TRW) & Universal Bank NA state paid as agreed **04/00** to Equifax

b) **Within two years from 7/30/99 Date of Discovery** "where a defendant has materially and willfully misrepresented any information" FCRA section 618 of 15 U.S.C 1681p. Trans Union Consumer report printed on 7/30/99 & received report between August 3 to 11, 1999. Experian credit report printed on 8/15/00. The above items in 5a allegedly appear to be Deliberate, Intentional acts, Willful, Knowingly, False Misrepresentations to get my Information, Credit / Consumer report and continued to harass me by Not reporting Closed account for 16+ months in F.C.R.A Violation.

**The Fair Credit reporting act (FCRA) 15 U.S.C. 1681 et seq .,** Amended version section numbers 601 to 625. **Violation** of section 604 of 15 U.S.C 1681b & 607a of 15 USC 1681e. **Liability** under section 616 of 15 U.S.C. 1681n section 617 of 15 U.S.C. 1681 o, section 623 of 15 U.S.C 1681s-2, section 619 of 15 U.S.C.1681q & Title 18 Cause of Actions and Fines. Jurisdiction under section 618 of 15 U.S.C 1681p. Proof of claim under section 607(a) & (d) of 15 USC 1681e. Amendments in effect 9/30/97. Other **Possible claims** under New York General Business Law 349, 380, et seq and Title 18 sec 1028 & 1030, **False pretense 380-o, Liability** 380-1 or other claims to be named later. Breach of Privacy Promise

**Alleged claim #1 Universal Card Service / Universal Bank NA** accessed my information after closed 5/31/99 illegally.
**# 2** UNIVERSAL had **NO APPLICATION FROM ME** after account Closed 5/31/99.
**# 3** UNIVERSAL **DID NOT Receive My Permission** to receive **My Information** or **Credit Report after 5/31/99.**
**# 4** UNIVERSAL has **NO LEGITIMATE BUSINESS NEED** with me **after closed 5/31/99** as stated in F.C.R.A.
**# 5** UNIVERSAL has **NO PERMISSIBLE PURPOSE** as stated in F.C.R.A with me **after closed 5/31/99.** Page 1 of 7

ECF

# 6 UNIVERSAL **WILLFULLY and KNOWINGLY MISREPRESENTED INFORMATION listed in 5a.**
# 7 UNIVERSAL did **NOT REPORT ACCURATE INFORMATION** Required to Trans Union, Experian, Equifax.
# 8 UNIVERSAL had **NO APPLICATION OR CONNECTION WITH ME** after CLOSED 5/31/99.
# 9 UNIVERSAL Deliberate, Intentional acts **to HARASS** me by refusing to recognize & report this account as closed.
# 10 UNIVERSAL had **NO CREDIT TRANSACTIONS WITH ME** after CLOSED 5/31/99.
# 11 UNIVERSAL had **NO EMPLOYMENT INQUIRE or APPLICATION** with "JAMES J. TRIKAS".
# 12 UNIVERSAL had **NO UNDERWRITTING OF INSURANCE** with "JAMES J. TRIKAS".
# 13 UNIVERSAL had **NO ELIGIBILITY FOR A LICENCE or BENEFIT** by GOVERNMENT INSTRUMENT
# 14 UNIVERSAL **CAN NOT CLAIM "USE OF INFORMATION"** as SERVICER, INSURER,
   ASSESTMENT OF CREDIT or PREPAYMENT RISK involving JAMES J. TRIKAS after closed 5/31/99.
# 15 UNIVERSAL had **NO ASSOCIATION WITH EXISTING CREDIT OBLIGATION** with (ME).
# 16 UNIVERSAL had **NO LEGITIMATE BUSINESS NEED** In Connection with a **Business Transaction**
   "Initiated by me" or **To review a account** to **Continue to meet the terms of an account** after closed 5/31/99.
#17 UNIVERSAL had **NO TRANSACTIONS or APPLICATIONS "INVOLVING"** me after account closed 5/31/99

#18 On 6/99, 7/99, 8/99, 10/99, 12/99, 2/00, 3/00 & 7/00 Universal violated **Permissible Purpose** of consumer to **Trans Union to obtain my information under account review** after account closed 5/31/99 and refused to state closed.

#19 Universal used **Permissible purpose** & **input false date reported 4/00** to **Trans Union** see Privacy Guard 8/9/00.

#20 On 6/99, 7/99, 8/99, 9/99, 10/99, 11/99, 12/99, 1/00, 2/00, 3/00, 4/00, 7/00, 7/13/00 **Universal violated Permissible purpose of consumer to Experian inputting information on closed account implying open & available.**

#21 Universal used Permissible purpose & input **false date reported 5/00** to Experian(TRW) Privacy guard report 8/9/00

#22 Universal claims Permissible purpose & **input false date of last activity 4/00 & 8/00** see Equifax 9/8/00 & 10/11/00

#23 Universal used Permissible purpose & **input false date reported 4/00** to Equifax see Privacy guard report 8/9/2000.

**Note 1:** There is No Permissible purpose after 5/31/99 account closed under FCRA Section 604(a)(1)(2)3A-3Fii of 15 U.S.C 1681b and Falsely Certified the claim of permissible purpose as required under FCRA section 607(a)

**Note 2:** Universal violated Permissible purpose under FCRA section 604(a) (2)(3A-3Fii) of 15 U.S.C. 1681b. Violated Permissible Purpose as I claimed above there is **No connection with me after account closed 5/31/99** Universal 1) **Initiated** & /or, 2) **Signed on to Trans Unions Database** & /or, 3) **Used their subscriber cod to Identify themselves** & /or, 4) **Inputted Information** & /or, 5) **Inquired** & /or 6) **Requested** & / 7) **Received my illegally obtained full Credit Report or Information contained within.**

**Note 3:** Under **1681b obtaining a consumer report** for an **Impermissible purpose** under the FCRA without Disclosing that Impermissible purpose, **Constitutes obtaining the report under false pretenses.** See ( Baker v. Bronx -Westchester Investigations, Inc., 850 F. Supp. 260, 263-64 S.D.N.Y. 1994).

**Note 4:** Universal **violated legitimate business need** for information FCRA section 604(a)(3F), (3Fi), (3Fii).

**Note 5:** Universal **violated 607a Compliance, Certify their purpose** (#21) & **607d Notice to users**, Must certify

#24 Universal obtained information on 6/99,7/99,8/99,10/99, 2/99,2/00,3/00,7/00 under false pretense from Trans Union

#25 Universal obtained information on 1/00 under false pretenses from Trans Union claiming to make a firm offer of credit or insurance. I have elected to opt out and have been blocked from prescreen & promotions.

#26 Universal bank NA obtained credit history on 7/00 & 7/13/00 from Experian stated unspecified purpose in violation of F.C.R.A sections   604 of 15 U.S.C 1681b   607(a) of 15 U.S.C 1681e   619 of 15 U.S.C 1681q   Page 2 of 7

**Universal Obtained information under false pretenses (FCRA sec 619 of 15 U.S.C. 1681q).**
**Any person** who knowingly and willfully obtained information on a consumer from consumer reporting agency under false pretenses shall be fined under title 18 United States Code, imprisoned for not more than 2 years or both.
**Cite as:** 994F.Supp.492, *496   FN5.   substituted "fined under Title 18, imprisoned for not more than 2 years, **"For fined not more than $5,000, or imprisoned not more than one year."**  5,000 x 3 (Treble) ea

A) "**Obtaining any information**" from a consumer reporting agency about a consumer **under false pretenses** Subjects Defendants to Liability under 1681q "even if the information supplied by the consumer reporting agency is not a consumer report" Berman v. Parco, 986 F.Supp.195, 214 (S.D.N.Y 1997)  Ind 1681q does not refer to "consumer report" but only to "Information" on a consumer. (Cite as: 994F.Supp.492, *496) False Pretenses [1]

B) "**Consumer report**" has been **obtained under false pretenses** under 1681q reference *492 Permissible Purpose. Cite as: 994F.Supp.492, *496 False pretenses [2] under 1681b.   See Popik, 936 F.Supp.at 176.
**Obtaining a consumer report for an impermissible purpose** under the FCRA, without disclosing that Impermissible purpose, **Constitutes obtaining the report under false pretenses.**
See Baker v. Bronx-Westchester Investigations, Inc. 850 F.Supp.260, 263-64 (S.D.N.Y 1994).

#27 On 6/99, 7/99, 8/99, 9/99, 10/99, 11/99, 12/99, 1/00, 2/00, 3/00, 4/00, 5/00, 7/00, 7/13/00, 8/00 Universal (**Willful Noncompliance**) & (**Knowingly without Permissible Purpose**) without my Initiation or Permission, No legitimate business need with me. They **Initiated**, **Signed on** to Trans unions Database, **Used their subscriber code**, **Inputted Information**, **Inquired** and or **Requested** and or finally **Received** my Information and or Credit Reports. Universal representatives stated they show No application in my name and thereby No reason to access my information / Report / File thereby confirming all my claims.

A) Universal Violated **Permissible purposes** FCRA of section **604(a)(2)(3a-3f) of 15 U.S.C. 1681b**
B) Universal civil liability for **Willful Noncompliance & Knowingly without Permissible Purpose** of FCRA
   616(a)(1A)(1B)(2)(3) of 15 U.S.C 1681n   Liable as stated $1000 x 3   **Treble damages requested $3000ea.**
   This FCRA section 1681n also attaches under FCRA section 619 of 15 U.S.C. 1681q ( #8 below for Details)
C) New York General Business Law section 349 provides a private right of action for injuries to consumers resulting from deceptive practices. see S.Q.K.F.C., Inc v. Bell Atlantic Tricon Leasing Corp., 84 F.3d 629, 636 (2nd Cir.1996)
   1) Universal engaged in an act or practice that is deceptive /misleading in a material way a) kept closed account open
   b) failed to update as closed c) refused to notify CRA of closed account so they can access information at will
   d) had No Permissible purpose with me after closed 5/31/99. e) false letters to change closing date of account.
   2) Suffered emotional stress & harassment by representatives a) refused to do anything, refused to correct their false information they supplied to CRA b) did not care & refused to acknowledge what they have done c) reported false date of last activity d) Deliberately took over 16 months to state closed, then stated closed 9/12/00 fasely implying just closed e) No explaination for their actions f) When CRA was forced to reinvestigate closed 5/31/99 Universal claimed verified 8/99 status open lied, deliberately misrepresented open & claim of permissible purpose to CRA's.
   3) Universals conduct has a broad impact on consumers at large based on their conduct, actions, representations etc.
D) New York General Business Law 380 et seq. statute provides for **Criminal penalties** against any person who Knowingly and Willfully obtains information concerning a consumer from a consumer reporting agency under false pretenses N.Y. General business law 380-o.   Civil liability under 380-1.
E) **Maximum Punitive damages** as court allows under 616(a)(2). I Request that Punitive damages be very large to get the attention of this very large corporation to Force compliance, Punish, Deter, Willful, Knowing acts.
F) Cost of action, Attorney fees(Consultations) as determined by court FCRA 616(a)(3) of 15 USC 1681n.
G) Civil Liability Cases for **Willful Noncompliance** under FCRA section 616(a)(1A)(1B)(2)(3) of 15 USC 1681b
   2nd Circuit held civil liability attaches under 616 of 15 USC 1681n for violations of 1681q, 1681n incorporates 1681q
   1) See Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41,47 ( 2nd Circuit 1997)  also cause of action **against user**
   2) See Yohay v. City of Alexandria Employees Credit Union, Inc. 827 F.2d 967 (4th Circuit 1987)
   3) See Zamora v. Valley Federal Savings & Loan Association 811 F.2d 1368, 1370 (10th Circuit 1987)(per curiam)
   4) See Boothe v. TRW Credit Data, 557 F.Supp. 66, 71 (S.D.N.Y. 1982)
   5) See Hansen v. Morgan, 582 F.2d 1214 (9th Circuit 1978)

  6) See Kennedy v. Border City Savings & Loan Association, 747 F.2d 367, 368 n. 1, 369 (6th Circuit 1984)
  7) See Rice v. Montgomery Ward & Co., 450 F.Supp. 668, 671 (M.D.N.C. 1978). [FN7]

**#28** On 6/99, 7/99, 8/99, 9/99, 10/99, 11/99, 12/99, 1/00, 2/00, 3/00, 4/00, 7/00 and 7/13/00 **Universal** had to **Identify themselves to Trans Union** under section **607(a)** of 15 U.S.C. 1681e & **Certify their purpose** for the information, **Certify information** for no other use. Without permission, permissible purpose or business need with me. Under FCRA requirement section 607(a) **Defendant could have Only Certified False** Permissible purpose under section 604 and Violated 607(a) compliance procedures. **Used Willful Noncompliance, False Pretenses & Knowingly without Permissible Purpose** in order to **Receive** my information, Consumer / Credit report or file.
  a) Universal violated FCRA section 607(a) Compliance Procedures which Certifies Compliance of FCRA section 604 Permissible Purposes. Which **show and prove Willful Noncompliance & Knowingly** without Permissible Purpose, **False Pretenses** and **Negligent Noncompliance.**
  b) Liable under section FCRA 616(a)(1) of 15 U.S.C. 1681n as stated $1000 each   **Treble damages request**
  c) Maximum Punitive Damages as court allows under FCRA 616(a)(2) of 15 U.S.C.1681n (a)(2)

**#29** On all dates Universal had to receive or previously received many **"Notice to Users & furnishers of information" FCRA section 607d** of 15 USC 1681e from Trans Union. **Notice of such person's responsibilities under this title.**
  a) Universal did not follow and Violated FCRA section **604(a) (2) (3a-3f)** of 15 U.S.C. 1681b.
  b) Universal was **notified** & did not follow Notice of users responsibilities FCRA section 607d of 15 USC 1681e
  c) Universal Civil liability for **Willful Noncompliance** and **Knowingly without Permissible Purpose** under FCRA 616(a) (1A)(1B) (2) (3) as specified $1000 each   **Treble Damages Requested** $1000 X 3 = **$3000 each**
  d) Maximum Punitive damages as court may allow under FCRA section 616(a)(2)

**#30** On dates previously mentioned Universal was **(Negligent)** to **Initiate, Inquire, Request, Receive** my Credit report.
  a) Civil liability for **Negligent Noncompliance** section 617(a)(1)(2) of 15 U.S.C.1681o. **Cite as: 994 F.Supp. 492, *498 FN6  1)** Yohay v. City of Alexandria Employees Credit Union, Inc. 827 F.2d 967 (4th Circuit 1987)
      2) Hansen v. Morgan, 582F.2d 1214 (9th Circuit 1978). Also creates civil liability under 1681q
  b) **Maximum Punitive Damages as court allows**
  c) Cost of action, Attorney fees (Consultation) as determined by court FCRA 617(a)(1)(2)(b) of 15 USC 1681o

**#31 Universal Continued to show Negligence, Willful & knowing Noncompliance, Intent while continuing for 16 months** to inquire, input, receive, review my illegally obtained Information, File, Consumer Report, Credit Report.
  a) **Universal took NO action** on their own to notify Trans Union or myself of receiving my credit report if they did not request my credit report.
  b) **Universal continued to make No effort to remove this Inquire** for my credit report when they received it. **Over 16 months Universal did nothing. Proving deliberate, intentional act** not error.
  c) Universal **did not investigate**, made **No valid Justified explanation for Information, Consumer / Credit report**

**#33 Universal failed to mitigate their illegal access to my information, file, consumer / credit report allowing or having a system** that allows their employees not to verify their Permissible purpose / Business need with me & failed to verify closed before requesting & inputting information or reports. **Continued illegal violations for 16 months.**

**#34** Universal uses financial access to fight liability, created expenditure of my time, Inconvenience, Emotional distress.

**#35** Universal liable in whole or in part, by their willful intent, negligence, misrepresentation, fault and lack of due care.

**PROOF   MY CREDIT REPORTS    OTHER PROOF TO BE SUBPOENA BY COURT ORDER BELOW**

**Proof** FCRA **section 607(a) of 15 U.S.C. 1681e** compliance procedures was **designed to limit** the **furnishing of consumer reports** to the **purposes listed** under **section 604 of 15 USC 1681b**. These procedures **shall require** the **(Defendants)** prospective users of the information **Identify themselves, & Certify the purposes** for which the information is sought, and **Certify** that the **information will be used for no other purpose.**     Page 4 of 7

Every consumer reporting agency shall make reasonable effort to <u>**verify the identity of new prospective users (Defendants)**</u> & <u>**uses certified**</u> by such <u>**prospective user (prior) to furnishing such user a consumer report**</u>

**Proof** FCRA section 607d of 15 USC 1681e <u>**Notice to Users & furnishers of information**</u> Notice Requirement state Credit Reporting Agency shall provide to any person (A) who regularly and in the ordinary course of business furnishes information to the agency with respect to any consumer or (B) to whom a consumer report is provided by the agency; <u>**Notice of such person's responsibilities under this title**</u>. Further indicating they were informed of their responsibilities. They also would have received prior notices from past transactions with CRA's.

<u>Their actions indicate **Fraudulent, Negligent, Willful Noncompliance & Knowingly** without permissible purpose.</u>
**Proof** Defendant **must Certify** they have Permissible purpose or Business need with me to Trans Union Consumer Reporting Agency (CRA) under section 607(a) Compliance procedures. CRA's <u>Require prospective users of the information (defendant) identify themselves,</u> **Certify** the purposes for which the information is sought, and **Certify** that the information will be used for no other purpose. CRA to <u>verify the identity</u> of new prospective user & the uses **Certified** by such prospective user prior to furnishing such user a consumer report.

**Proof** If **Defendant** Certified to Trans Union as **Trans Union Requires** the <u>prospective: users</u> (Defendant) to. This would show they knew & chose <u>Willful Noncompliance</u> and <u>Knowingly without Permissible purpose</u>. Negligent, Fraudulent <u>Claim or Use of Permissible purpose or Business need with me to **Trans Union.**</u>

<u>**If Defendant Request Motion to Dismiss plaintiffs (MY) Claim:**</u>   See Kelly v. Schmidberger, 806 F.2d 44, 46 (2nd Circuit 1986) (The test of a Complaint's sufficiency is whether it is detailed and informative enough to enable a Defendant to respond) <u>FCRA sec1681n can as a matter of law support liability against users of information who Violate section 1681q by procuring credit reports under false pretenses, and defendants are users of information under 1681n.</u>

<u>**Courts have in fact read the "False pretenses"**</u> prohibition 1681q in light of 1681q in light of 1681b.   See Hansen v. Morgan, 582 F.2d 1214, 1219-20 (9th Circuit 1978) (The standard for determining when a consumer report has been obtained under false pretenses will usually defined in relations to the permissible purposes of consumer reports 1681b.

WHEREFORE, plaintiff demands:   **MONEY DAMAGES for:**
1) <u>**Willful Noncompliance of Permissible purpose**</u> FCRA section 604(a)(2)(3A-F) of 15 USC 1681b
   Liable under FCRA section 616(a) (1A)(1B)(2)(3) of 15 USC 1681n for No permissible purpose on closed account.
   a) Universal accessed <u>**Trans Union to obtained information for purpose of account review in violation**</u> on 6/99, 7/99, 8/99, 10/99,12/99, 2/00 3/00 & 7/00. **Eight violations x 1,000ea= 8,000 x 3(Treble)** request  **<u>24,000</u>**
   b) Universal updated Trans Union report on 7/99, 4/00 can not updated after closed 5/31/99 refused to state closed to Trans Union. **Two violation** x $1,000 = 2,000 x 3 (Treble damages) request =   **<u>6,000</u>**
   c) Universal **obtained my information**, name, address from TU 1/00 claiming to make a firm offer of credit or insurance in violation. I have elected to opt out, blocked from prescreen/ promotion **One** x 1,000 x 3(Treble) **<u>3,000</u>**
   d) Privacy Guard 8/9/00 report from Trans Union stated on Consumer report to them sent to me, which implies Permissible purpose and inputted false date reported as 4/00. **One** x $1,000 x 3 (Treble damages) requested  **<u>3,000</u>**
   e) Universal bank NA <u>**obtained credit history on 7/00, 7/13/00 from Experian stated unspecified purpose**</u> in violation of FCRA section 604, 607(a) liability section 616, 617, 619. **Two violation** x $1,000 x 3(Treble  **<u>6,000</u>**
   f) <u>**Universal accessed Experian toupdate & input 0 balance**</u> information implying open on closed account continued to    not report closed 5/31/99 in violation on 6/99, 7/99, 8/99, 9/99, 10/99, 11/99, 12/99, 1/00, 2/00, 3/00, 4/00. **Eleven violations** to Experian x $1,000 each = 11,000 x 3 (Treble damages) request =  **<u>33,000</u>**
   g) Universal Falsely verified open status to Experian on 8/99 after I told Experian to verify not open but closed 5/31/99  **One violation** x $1,000 x 3 (Treble damages) requested =  **<u>3,000</u>**
   h) Privacy Guard 8/9/00 reports Experian states on Credit Report to them then sent to me, which implies Permissible purpose and <u>**inputted false date reported as 5/00.**</u> **One** x $1,000 x 3 (Treble damage) request =  **<u>3,000</u>**
   i) Universal accessed Equifax record/ report /file to state <u>**false date of last activity 4/00 & 8/00**</u> see Equifax report 9/8/00 & 10/11/00. **Two violations** to Equifax x $1,000 ea = 2,000 x 3 Treble damages request =  **<u>6,000</u>**
   Page 5 of 7                                                                                                                           Section 1   Total   **<u>87,000</u>**

j) And /or greater value of violation of New York General Business law section 349& Emotional stress court to decide.

2) **Willful Noncompliance of Compliance procedures** Certifying Permissible purpose & open account under section 607(a) of 15 USC 1681e **REQUIRED.** Liability FCRA sec 616(a)(1A)(1B)(2)(3) of 15 USC 1681n & sec 619.
  a) Willfully **Falsely Certified to Trans Union** sec 607a knowing needs Permissible purpose sec 604 to access, knows account closed implying open account sec 619 in violation on 6/99, 7/99, 8/99, 10/99, 12/99, 2/00, 3/00 & 7/00. **Eight violations** of 607(a) to Trans Union x $1,000 each = 8,000 x 3 (Treble damages) requested = **24,000**
  b) Universal updated Trans Union report on 7/99 & 4/00 can not update after closed 5/31/99 refussed to state closed to Trans Union. **Two violations** x $1,000 = 2,000 x 3 (Treble damages) requested = **6,000**
  c) Universal obtained my information, name, address from TU 1/00 claiming to make a firm offer of credit or insurance in violation. I have elected to opt out, blocked from prescreen & promotions **1** x 1,000 x 3 (Treble **3,000**
  d) Privacy Guard 8/9/00 report from Trans Union stated on consumer report to them sent to me, which implies Permissible purpose & **inputted false date reported 4/00. One violation** x $1,000 x 3 (Treble damages) **3,000**
  e) Universal bank NA **obtained credit history on 7/00, 7/13/00 from Experian stated unspecified purpose** in violation of FCRA sec 604, 607(a) liability sec 616, 617, 619. **Two violations** x $1,000 x 3 (Treble) = **6,000**
  f) Willfully **Falsely Certified to Experian** knowing they need Permissible purpose to access knowing account closed implying open account to access in violation and inputted 0 balance information after closed account 5/31/99 in violation on 6/99, 7/99, 8/99, 9/99, 10/99, 11/99, 12/99, 1/00, 2/00, 3/00, 4/00. **Eleven violations** of 607(a) to Experian x $1,000 each= 11,000 x 3 (Treble damages) requested = **33,000**
  g) Universal **Falsely verified open status to Experian on 8/99** after I told Experian to verify closed 5/31/99 **One violation** x $ 1,000 x 3 (Treble damages) requested = **3,000**
  h) Privacy Guard 8/9/00 report from Experian show Universal **inputted false date reported 5/00** to Experian **One violation** x $1,000 each = 1,000 x 3 (Treble damages) requested = **3,000**
  i) Universal Willfully **Falsely Certified to Equifax** knowing they need Permissible purpose to access knowing account closed implying open account to access in violation and inputted false date reported as 4/00 & 8/00 **Two violations** of 604 & 607(a) to Equifax x $1,000 each = 2,000 x 3 (Treble damages) requested = **6,000**
  Section 2   Total   **87,000**
j) And /or greater value for violation of New York General Business law section 349 & Emotional stress court to decide.

3) **Willful Noncompliance Punitive damage** greater of listed FCRA sec 616(a)(2)of 15 USC 1681n & /or NY General Business Law section 349.. **I request Minimum** Punitive damages of 5,000,000 dollars **or as the court may allow.** Must get attention of large Corporation to **Stop, Force compliance, Punish, Deter,Willful Noncompliance, Knowingly without Permissible Purpose, Falsified letters, Emotional Stress, Refusing to correct records= 5,000,000.**
4) **Obtaining information** under false pretenses FCRA sec 619 of 15 USC 1681q Title18 $5000 Req Treble 11 obtaining information violations which can apply to multiple violations under different sections also. **Eleven violations** x $5,000 each = 55,000 x 3 (Treble damage) requested = $165,000.00   **165,000.**
5) Cost of action **150.00** & Attorneys fees/Consultation **225.00** plus additional later___ 616(a)(3) or 617(a)(2)  **375.**
6) Transportation cost to and from court for this action now plus additional cost to be added later   **12.**
  **Section 1, 2 & 3  Total so far  5,339,375.**
7) And /or greater value for violation of New York General Business law section 349 & Emotional stress court to decide.

**I reserve the right to amend Complaint to include additional violations or damages to be claimed later.**
If Not Recoverable under Willful Noncompliance then Attorney's fees / Consultations under FCRA section 617(a)(2), Actual damages for violation for negligence of permissible purpose FCRA sec 604 of 15 USC 1681b will be requested. Negligence Liable under FCRA 617(a)(1)(2) of 15 U.S.C.1681o amount x 3 = Request Treble Damages. Negligence of Compliance procedures FCRA sec 607(a) of 15 USC 1681e amount x 3 = Treble damages Req.

  **The Minimum Punitive damages** requested **are reasonable** because the liability laws, extremely limit the amount of damages  recoverable from **known violator.** Punitive damages must be very high to get the attention of this large company. **HIGH  PUNITIVE damages will force Compliance, Punish, Deter, Willful, Knowing acts** and **make an example to others.** Universal Initiated, Signed on to Trans Union, Experian, Equifax's database, Used their subscriber code, Input Information, Inquired, Requested & finally Received my information, Consumer / Credit Report.   Pg 6of 7

Which includes **My Social Security numbers**, **Date of birth**, **Unlisted Phone/Fax number**, Credit card **account holders**, Credit Card **Account numbers**, **Credit limits** & **Balances** **of all my** **accounts** & more. This information **allows fraud to be perpetrated against me**. Defendant has, can copy or use any of my information from my illegally obtained Consumer report / Credit report **at any time in the future** to bankrupt me, use my account, claim my Identity.

I will always be **at very high risk of suffering fraud** by the defendant or their employees having / had access to My Report, who could have copied my report or information contain in my report. I believe it would **be wrong** to **assume** honest people fraudulently pulling illegal credit reports. **It looks like fraud**, **appears to be fraud**, **then it must be fraud**, **fraudulent intent** to gather my information **for later use**. Making it impossible for me to trace back to them in the future. **We must stop them now & hold them liable now for obtaining illegal information & reports**

We will never know what they did with my information & who they give it to. **Since obtained without permissible purpose or business need with me FRAUDULENT Intent must be Considered**. Defendant requested & obtained my information & credit report illegally and now has the **Means**, **Motive**, **Opportunity**, **Information and Credit report to commit fraud** or **Identity theft** against me **anytime in the future**. **VERY HIGH Punitive award against defendant** would deter them in the future & compensate me for damages now & in future for their employees & their fraudulent intent of my information. Once they have my information no one can insure will not be used illegally. **I Request U.S District Court** for E.D.N.Y. **send a message** court **will NOT allow defendant** to get away with **Willful Noncompliance**, **Knowingly without Permissible Purpose**, **False pretenses** and **Negligence** to get my information / report. No Permissible purpose or Legitimate Business need with me or connection with me **it must be Fraudulent Intent for Fraudulent use**. If NO example is made of them with a **VERY HIGH** Punitive damage award against them. **This large company will** (**NOT**) take Violating FCRA or this Court seriously. They will **not change their ways** or actions **to stop their fraudulent requests** for my information, consumer / credit reports Kept closed account open for 16 months to illegally access & obtain my information knowing account was not renewed.

It appears **they were not concerned with their actions** & did **not want to investigate who did this or why**. Their actions prove **nothing noted**, **explained**, **no one notified**, **nothing investigated**, **nothing done** to my knowledge. Apparently they believe **by not addressing this issue they will not be liable or be forced to take action**. Please send the right message to all willful violators by way of **awarding high punitive damages against defendant in my favor**.

**PERMANENT INJUNCTION** by way of Court Order for the following and stop performing certain acts in the future
1) To not allow Universal, subsidiary of Citibank, member of Citicorp, affiliates, subsidiaries, to initiate, use subscriber code, access my information, credit reports. Input information, search for information, Inquire, Request, Receive my Credit report, file, information about me **without first verifying that they have "Permissible Purpose or business need with me James J. Trikas** specifically **before any Initiation or search attempt**. **No J. Trikas searches period**
2) No Partial information searches & verify any application for James with James first before information / credit report, inquire, request is made by Universal, its affiliates, subsidiaries, distinct corporate division, their employees or anyone.
3) Universal Card Services and Universal Bank NA and their employees who have or had received my Credit Reports illegally somewhere they must find it, destroy it, erase its recorded information from your computers, database records system which you are not entitled to it. Must find, investigate the employee's who did this and tell me in writing their name, address and what action you took against them.
4) Require all employees in future to use their own sign on individual ID# to use computer. No group ID#'s when accessing, requesting or searching any Credit Reporting Agency Database. Logging who accessed records Illegally & Why.
5) Do Not Disclose my Personnel Identifiable information Social security number, Date of birth and unlisted Phone/ fax # etc from this lawsuit, or evidence furnished to them or in their records to anyone.

**ANY FURTHER RELIEF which the court may deem appropriate.**

*James J. Trikas*
JAMES J. TRIKAS
Pro Se Plaintiff
41-10 157 STREET
FLUSHING, NY 11355-1150
Unlisted Tel/fax 718 939-9327

DATE: MAY 22, 2001

**District Court Judge** Please seal or block out all my documents from being disclosed or claim of Freedom of Information, I must disclose Personal & Private information in documents, evidence submitted to court which could be used to commit fraud against me. Example: Credit Report, SS#, DOB etc   Page 7of7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
James J. Trikas

      Plaintiff,          MEMORANDUM OF LAW
   Against              -CV- (   )
Universal Card Services a/k/a Universal Bank NA
a/k/a AT & T Universal Card
      Defendants.
-------------------------------------------------------x

STATE OF NEW YORK  )  SS.:
COUNTY OF QUEENS   )

   James J. Trikas , being duly sworn, deposes and says (or: makes the following affirmations under the penalties of perjury):

   James J. Trikas am The PRO SE Plaintiff in the above-entitled action, and respectfully move this court to issue an order **To Seal and Block out this courts file, all records, letters, documents, exhibits and evidence containing** the following:
1) Any and all Personal, Private and Confidential Information including Credit card account holders <u>names, address</u>, **history**, <u>credit</u> limits <u>(Dollar amount line of credit available) Credit card Account numbers, Social Security numbers, Date of Birth, Drivers License number, Last Employer</u> which did or still does appear on my Credit report. Etc.
2) Any Public or private Information including my  Name and address (if possible)  My <u>Non public / Unlisted Telephone</u> / Fax and answering machine number on Credit Reports and all Court papers. (Must be private to prevent nuisance calls, privacy & security)
3) Please No Freedom of Information access to any court records containing my Information even public information.

   The reason why I am entitled to the relief I seek is the following: **There is Personal, Private, Confidential Information and Identifiable Information that if know, would put me at great risk of Fraud or Fraudulent use of my information.**

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2001

                     *James J. Trikas*
                     James J. Trikas

   As you can see, I always try to eliminate all access to my information for any purpose. Unfortunately this defendant obtained my credit report illegally, which contains all my Information. **Now I am forced to disclose my information in this court.** Please seal Court records. Thank you.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
James J. Trikas

      Plaintiff,          NOTICE OF MOTION
  Against               -CV- (    )
Universal Card Services
a/k/a Universal Bank NA
a/k/a A T & T Universal Card
      Defendants.
-------------------------------------------------------x

Judge and Magistrate:

  PLEASE TAKE NOTICE that upon the attached affidavit or affirmation of James J. Trikas, sworn to or affirmed May 21, 2001, and upon the complaint herein, Plaintiff will move this court, _____ , U.S.D.J., in Room_____, United States Courthouse, 225 Cadman Plaza, East Brooklyn, NY 11201, On the ____ day of _____, at _____ or as soon thereafter as PRO SE Plaintiff can be heard, for an order pursuant to Rule _____ of the Federal Rules of Civil Procedure granting **Motion to Seal and Block out this court file, all records, letters, documents, exhibits and evidence containing.**

1) Any and all Personal, Private and Confidential Information including Credit card account holders <u>names</u>, <u>address</u>, history, <u>credit</u> <u>limits</u> (<u>$ amount line of credit available</u>), <u>Credit card Account numbers</u>, <u>Social Security numbers</u>, <u>Date of Birth</u>, <u>Drivers License number</u>, <u>Last Employer</u> which did or still does appear on my Credit report.
2) Any Public or private Information including my Name and address (if possible) My Non public /Unlisted Telephone / Fax and answering machine number on Credit Reports and all Court papers.
3) Please No Freedom of Information access to any court records containing my Information even public information.

As you can see, I always try to eliminate all access to my information for any purpose. Unfortunately this defendant obtained my credit report illegally, which contains all my Information. **Now I am forced to disclose my information in this court.** Please seal Court records. Thank you.

Dated: Queens, New York
May 22, 2001

                      *James J. Trikas* (signature)
                      James J. Trikas
                      Plaintiff, Pro Se

                      41-10 157 Street
                      Flushing, N.Y. 11355-1150

# PRIVACY PROMISE

- OUR CARDS
- ACCOUNT ONLINE
- APPLY
- PLAY & LEARN
- BUSINESS CARD
- BUSINESS ACCOUNT ONLINE
- COLLEGE STUDENTS

- UCS HOME
- WRITE TO US
- HELP/SEARCH

While information is the cornerstone of our ability to provide superior service, our most important asset is our customers' trust. Keeping customer information secure, and using it only as our customers would want us to, is a top priority for all of us at Universal Card Services Corp., a subsidiary of Citibank and a member of the Citigroup family of companies. Here then is our promise:

1. We will safeguard, according to strict standards of security and confidentiality, any information our customers share with us.

2. We will limit the collection and use of customer information to the minimum we require to deliver superior service to our customers, which includes advising our customers about our products, services and other opportunities, and to administer our business.

3. We will permit only authorized Citigroup employees who are trained in the proper handling of customer information, to have access to that information. Employees who violate our Privacy Promise will be subject to our normal disciplinary process.

4. We will not reveal customer information to any external organization unless we have previously informed the customer in disclosures or agreements, been authorized by the customer, or are required by law.

5. We will always maintain control over the confidentiality of our customer information. We may, however, facilitate relevant offers from reputable companies. These companies are not permitted to retain any customer information unless the customer has specifically expressed interest in their products or services.

6. We will tell customers in plain language initially, and at least once annually, how they may remove their names from marketing lists. At any time, customers can contact us to remove their names from such lists.

7. Whenever we hire other organizations to provide support services, we will require them to conform to our privacy standards and to allow us to audit them for compliance.

8. For purposes of credit reporting, verification and risk management, we will exchange information about our customers with reputable reference sources and clearinghouse services.

9. We will not use or share - internally or externally - personally identifiable medical information for any purpose other than the underwriting or administration of a customer's policy, claim or account, or as disclosed to the customer when the information is collected, or to which the customer consents.

10. <u>We will attempt to keep customer files complete, up-to-date and accurate.</u> We will tell our customers how and where to conveniently access their account information (except when we're prohibited by law), <u>and how to notify us about errors which we will promptly correct.</u>

<u>We will continuously assess ourselves to ensure that customer privacy is respected. We will conduct business in a manner that fulfills our promise.</u>

Terms and conditions.
Copyright © 1999 AT&T. All rights reserved.